

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-01007 |
| DAVID ANTHONY PERU and MICHELE NOELANI PERU, | Chapter 13 |
| | Docket No. 24 |
| Debtors. | |

## MEMORANDUM OF DECISION REGARDING PLAN CONFIRMATION

David and Michele Peru ("Debtors") commenced their case on September 21, 2016. After the court denied confirmation of their initial chapter 13 plan, Debtors timely filed a second plan[1] on January 24, 2017. The standing chapter 13 trustee and creditor, City and County of Honolulu, object to confirmation.

The City and County of Honolulu has filed a proof of claim contending that it holds a $140,653.41 claim secured by a junior lien on Debtors' residence.

---

[1] Dkt. No. 24.

According to the City, the claim became due and payable in full in 2006. Because no one has filed an objection to the City's proof of claim, the City's claim is an allowed secured claim.[2]

In order to confirm a chapter 13 plan, the court must determine that all applicable requirements of sections 1325(a) and (b) are met.[3] Debtors, as the chapter 13 proponents, have the burden of proving that they have met all of the requirements for plan confirmation.[4]

Debtors' second plan cannot be confirmed for four reasons.

First, Debtors have placed the City's claim in class 4. That class consists only of claims that were not in default on the date of bankruptcy. But the City's proof of claim asserts that the claim became due and payable in full in 2006 and it has not been paid. Therefore, the City's claim does not belong in class 4. The court cannot confirm a plan if a claim is improperly classified.[5]

Second, the court can confirm a plan only if allowed secured claims "provided for by the plan" are given one of the three treatments specified in

---

[2] *See* Fed. R. Bankr. P. 3001(f).

[3] *See* 11 U.S.C. § 1325.

[4] *In re Welsh*, 465 B.R. 843, 847 (B.A.P. 9th Cir. 2012), *aff'd*, 711 F.3d 1120 (9th Cir. 2013).

[5] *See In re Hill*, 440 B.R. 176, 184 (Bankr. S. D. Cal. 2010)("Bankruptcy courts have the authority- indeed the obligation- to direct a debtor to conform his plan to the requirements of the Bankruptcy Code.")

2

section 1325(a)(5). Debtors argue that section 1325(a)(5) does not apply to the City's claim because the plan does not "provide for" that claim. The Code does not define the phrase "provided for by the plan."[6] According to the case law, a chapter 13 plan "provides for" a claim, for purposes of confirmation as well as discharge, if it "deals with or refers to" the claim.[7] Debtors' current plan "deals with or refers to" the City's claim (albeit in the wrong class). Therefore, the plan "provides for" the City's claim yet does not treat the claim in any of the ways that section 1325(a)(5) permits.

Third, Debtors' counsel stated that Debtors intended to leave the claim unaffected by the plan and deal with it outside the bankruptcy case in some unspecified manner. A plan that simply ignores an allowed secured claim cannot be confirmed.[8] A creditor's secured claim reflecting the claimed amount must be provided for in the proposed plan,[9] or it must be demonstrated that the claim should be disallowed before the plan can be confirmed.[10] In appropriate

---

[6] 8 Collier on Bankruptcy ¶ 1325.06[1][b], p. 1325-31 (16th ed. 2017).

[7] *Ellett v. Stanislaus*, 506 F.3d 774, 777 (9th Cir. 2007); *In re Hydorn*, 94 B.R. 608, 613 (Bankr. W.D. Mo. 1988).

[8] *Desrosiers v. Transamerica Financial Corp. (In re Desrosiers)*, 212 B.R. 716, 727 (Bankr. D. Mass. 1997); *In re Haskins*, 563 B.R. 177, 184 (Bankr. W.D. Va. 2017) ("The chapter 13 plan must expressly provide for each secured claim . . . "). *In re Haacke*, 465 B.R. 564, 570 (Bankr. D. Mont. 2011).

[9] *In re Hobart*, 452 B.R. 789, 802 (Bankr. D. Idaho 2011).

[10] *In re Haacke*, 465 B.R. 564, 570 (Bankr. D. Mont. 2011).

circumstances, a debtor can address a secured claim "outside the plan." But this shorthand phrase means only that the debtor, rather than the trustee, will disburse payments to the secured creditor. It does not allow the debtor to disregard an allowed secured claim.

Fourth, the plan faces feasibility issues under section 1326(a)(6). That section requires Debtors to prove that they "will be able to make all payments under the plan and to comply with the plan."[11] Debtors filed this case in an attempt to save their residence from foreclosure. Debtors' counsel acknowledged that they cannot afford to pay the City's claim outside of bankruptcy or to increase their plan payments to pay it under the plan. If the court confirmed the plan, the court would probably have to grant relief from the automatic stay to the City. As soon as the City took effective enforcement action, Debtors would become unable to pay all of the amounts they must pay to preserve their residence, and the plan would fail.

Therefore, the trustee shall submit an order in the usual form denying confirmation of the plan.

**END OF ORDER**

---

[11] 11 U.S.C. § 1325(a)(6).

4

U.S. Bankruptcy Court - Hawaii   #16-01007   Dkt # 37   Filed 03/21/17   Page 4 of 4